IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODERICK L. REESE | § | |
|  TDCJ-CID #1027930 | § | |
| v. | § | C.A. NO. C-08-395 |
| | § | |
| OSCAR MENDOZA, ET AL. | § | |

**ORDER**

  Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1).

  Pending is plaintiff's motion requesting access to the Court. (D.E. 9). Specifically, he expresses concerns that his claims related to his action and his motion for a temporary restraining order are not being addressed. Id.

  Plaintiff filed this action on December 8, 2008. Since that time, he has filed not only his complaint, (D.E. 1), as well as supplemental exhibits, (D.E. 6), seven motions, (D.E. 2, 3, 9, 10, 15, 17, 18), a letter, (D.E. 16), and objections to the collection order, (D.E. 19), requiring the payment of the filing fee in partial payments. Moreover, on February 3, 2009, he had a Spears hearing.[1]

  Plaintiff has had and continues to have access to this Court. Accordingly, plaintiff's motion requesting access to the Court, (D.E. 9), is DENIED as moot.

  Pending is his motion for the business reply labels in order to access the Court. (D.E. 17). Specifically, he seeks twenty business reply labels from cards sent with court orders requiring a signature before being mailed back to the Clerk's office.

  Plaintiff used a business reply label from the Office of the Clerk of this Court, which was

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

sent with the Order For Initial Partial Filing Fee And Collection Order. The label was supposed to be signed by plaintiff upon receipt of the order and mailed back to the Clerk's office. Instead, plaintiff improperly taped it to a large envelope of his filings and mailed it to the Clerk.

Inmates do not have a constitutional right to franked envelopes or labels for sending in legal mail. Pyles v. Carlson, 698 F.2d 1131, 1132-33 (11th Cir. 1983). The business reply label was for the authorized purpose of a reply to the Clerk's office. Indeed, it notes "Official Business" and "Penalty For Private Use." Plaintiff's unauthorized and improper use of this label violates federal law. See 18 U.S.C. § 1719. Clearly, plaintiff's motion for the business reply labels in order to access the Court, (D.E. 17), is DENIED.

ORDERED this 5th day of February 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE