UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODERICK L REESE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-395 |
| | § | |
| O MENDOZA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DECLINING TO ADOPT RECOMMENDATION
AND DISMISSING ACTION WITHOUT PREJUDICE**

By Memorandum and Recommendation entered May 8, 2009, the magistrate judge recommended that the Court dismiss plaintiff's § 1983 complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (D.E. 34). As grounds for the dismissal, the magistrate judge noted that plaintiff: (1) had failed to provide documentation evidencing that he had signed all the necessary paperwork to comply with a previously ordered collection order; and (2) had failed to respond to an order to show cause, but instead, filed a motion to continue the case until he was released from prison in September, 2009.

On May 21, 2009, plaintiff filed an objection to the recommendation. (D.E. 35). Plaintiff suggests that his inability to prosecute properly this case is further evidence of his underlying claims: that certain McConnell Unit officers and officials have denied him access to the courts by denying him access to the law library and *in forma pauperis* documentation, and that defendants' actions are motivated by retaliation. He objects to the dismissal of this action with prejudice, reaffirming his intention to pursue his claims after his release. He does not object to dismissal *without* prejudice.

Having considered the recommendation and petitioner's objections, and having conducted a *de novo* review of the contested issues, the Court declines to adopt the recommendation to dismiss the action with prejudice.

Rule 41(b) allows the district court to dismiss an action upon its own motion for failure to prosecute. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190 (5th Cir. 1992). The Fifth Circuit has recognized, however, that dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." Id. (internal quotations omitted). Consequently, the Fifth Circuit has limited the district court's discretion in dismissing cases with prejudice. Id. The Fifth Circuit has stated:

> We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay[1] or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the district court employed lesser sanctions that proved to be futile.

Id. In addition, in affirming a dismissal with prejudice, the Fifth Circuit has found at least one of three aggravating factors: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. Id.; see also Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982) ("The cases in this circuit in which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.").

In this case, there are no sustained periods of total inactivity. Plaintiff filed his complaint on December 8, 2008, and filed "supplemental exhibits" on December 22. (D.E. 1, 7). In response to a notice of deficient pleading dated December 23, plaintiff filed his inmate trust fund

---

[1] The Fifth circuit has found a "clear record of delay" where there have been "significant periods of total inactivity." Berry, 975 F.2d at 1191 n.5 (internal quotations omitted).

account statement on January 15, 2009, and again on January 21. (D.E. 11, 12). In January and February, 2009, plaintiff filed motions requesting sanctions, emergency federal protection custody, business labels, and appointment of counsel. (D.E. 15, 17, 18). He filed objections to the collection order on February 2; however, he appeared at an evidentiary hearing on February 3, and withdrew the objections. (D.E. 19).

On March 23, 2009, plaintiff filed a notice of change of address when he was transferred from the McConnell Unit (D.E. 27). In April, plaintiff he moved for a continuance (D.E. 33), and in May, he filed his objections to the recommendation to dismiss. (D.E. 35). The Court finds there have been no periods of significant delay in this action.

The magistrate judge recommended dismissal with prejudice in part based on plaintiff's failure to submit documentation concerning his compliance with the collection order. However, this ignores plaintiff's claim that defendants have denied him reasonable access to the law library such that he could not comply with certain orders. Moreover, the Court finds no aggravating factors that would support dismissal with prejudice.

Plaintiff admits that he is in no position to prosecute his claims at this point in time. (D.E.35). Dismissal without prejudice is appropriate.[2]

---

[2] The fact that the case is dismissed without prejudice is no reflection on the merits of plaintiff's denial of access to the courts and retaliation claims. Indeed, now that plaintiff has been transferred from the McConnell Unit, he should ensure that his claims are not moot, i.e., that he has suffered actionable prejudice and damages, before seeking to re-file his complaint. See Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000) (request for injunctive and declaratory relief becomes moot when inmate leaves the complained-of facility).

Accordingly, for the reasons stated herein, plaintiff's action is dismissed without prejudice.

SIGNED and ORDERED this 9th day of June, 2009.

_____
Janis Graham Jack
United States District Judge